## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **AMANDA CLARK** | : | **CIVIL ACTION NO. _____** |
| | : | |
| **VS.** | : | **JUDGE _____** |
| | : | |
| **SOUTHERN FIDELITY INSURANCE** | : | **MAGISTRATE JUDGE_____** |
| **COMPANY** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

Plaintiff, Amanda Clark, by her undersigned attorneys, alleges as follows:

### NATURE OF ACTION

1.

This is an action by Amanda Clark for damages against her homeowners insurance company, Southern Fidelity Insurance Company, for its failure to pay the full sums owed under its insurance policy resulting from damages to her residence caused by Hurricane Laura.

### JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000.00 and the case is between citizens of different states. Plaintiff, Amanda Clark, is a citizen of the State of Louisiana. Defendant, Southern Fidelity Insurance Company, is a foreign insurance company domiciled in the State of Florida. The unpaid losses due under Defendant's insurance policy exceed $75,000.00, and Plaintiff also seeks penalties, attorney's fees, costs, and expenses on top of those unpaid losses pursuant to La. R.S. 22:1892 and La. R.S. 22:1973.

1

3.

Venue is proper in this District and Division under 28 U.S.C. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District and Division and also a substantial part of the property that is the subject of this action is situated in this District and Division.

## THE PARTIES

4.

Plaintiff, Amanda Clark, is an adult resident of Lake Charles, Louisiana.

5.

Defendant, Southern Fidelity Insurance Company ("Southern Fidelity"), is a foreign insurance company domiciled in the State of Florida, which can be served with this Complaint through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## FACTUAL ALLEGATIONS

6.

On the evening of August 26, 2020, and into the early morning hours of August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a strong Category 4 hurricane with sustained winds of 150 miles per hour.

7.

After making landfall, Hurricane Laura traveled north and directly hit Lake Charles, Louisiana, with sustained winds of nearly 100 miles per hour and gusts of between 130 and 140 miles per hour.

2

8.

At the time of Hurricane Laura, and through the present, Amanda Clark was and still is the owner of the residence and property located at 8 River Road, Lake Charles, Louisiana 70601 ("the home").

9.

As a result of Hurricane Laura, the home sustained extensive damage rendering it a total loss and uninhabitable.   The other structures of the home also sustained significant damages.

10.

At the time these damages were sustained due to Hurricane Laura, Amanda Clark had in full force and effect a policy of insurance with Southern Fidelity providing coverage for all of the losses sustained by Amanda Clark to her home, and other structures, as well as additional living expenses.

11.

On August 27, 2020, Amanda Clark reported her losses to Southern Fidelity resulting from Hurricane Laura and made a claim for payment of those losses.

12.

On September 1, 2020, an adjuster retained and/or employed by Southern Fidelity inspected the home and other structures.   The adjuster was provided with full access to the home and had a full opportunity to inspect the home and other structures to fully determine Amanda Clark's losses caused by Hurricane Laura without any limitations.

13.

Despite the fact that it should have been obvious to the adjuster retained and/or employed by Southern Fidelity who inspected the home that the home and other structures were a total loss, Southern Fidelity only made a woefully inadequate, partial payment for repairs to the home and other structures rather than paying its full policy limits to replace the home and other structures as required by its insurance policy and/or the Louisiana Valued Policy law.   Alternatively, even if the home and other structures were repairable, Southern Fidelity failed to include payment for numerous items of damage which were clearly visible to the adjuster retained and/or employed by Southern Fidelity at the time of the adjuster's inspection.

14.

Amanda Clark has not received any further payments for the home and other structures since the initial inadequate, partial payment, and more than 60 days have passed since that payment.

## CAUSES OF ACTION AND DAMAGES

### A.   THE INSURANCE POLICY

15.

Amanda Clark reiterate and incorporate by reference all allegations in Paragraphs 1-14 above.

16.

The damages to the home and its other structures greatly exceed the amounts estimated and paid by Southern Fidelity.

17.

Amanda Clark is entitled to recover from Southern Fidelity the full limits of its policy due to the total loss of her home and other structures or alternatively the full cost of repairs of same, less the initial inadequate payment made by Southern Fidelity, in accordance with the insurance coverages Amanda Clark purchased from Southern Fidelity.

18.

Amanda Clark is also entitled to recover for the unpaid and/or underpaid losses for additional living expenses in accordance with the insurance coverages Amanda Clark purchased from Southern Fidelity.

## B.  PENALTIES AND ATTORNEY'S FEES

19.

Amanda Clark reiterate and incorporate by reference all allegations in Paragraphs 1-18 above.

20.

Pursuant to Louisiana Revised Statute 22:1892, Southern Fidelity was required to unconditionally tender payment to Amanda Clark for the losses not reasonably disputable caused by Hurricane Laura within 30 days of Southern Fidelity's receipt of satisfactory proof of loss when its adjuster inspected the home.   Southern Fidelity failed to do so.

21.

La. R.S. 22:1892 further required Southern Fidelity to re-evaluate Amanda Clark' claim and to tender additional unconditional payments to Amanda Clark each time Southern Fidelity received additional information concerning the losses sustained by Amanda Clark.   Southern

Fidelity failed to do so.

22.

Pursuant to La. R.S. 22:1892, Southern Fidelity is liable to Amanda Clark for a penalty of 50%, in addition to the amount of the loss, on the amount due from Southern Fidelity, as well as reasonable attorney's fees and costs, for Southern Fidelity's failure to unconditionally tender the amounts not reasonably disputable owed to Amanda Clark within 30 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

23.

Pursuant to La. R.S. 22:1973, Southern Fidelity is additionally liable to Amanda Clark for actual damages, including but not limited to mental anguish, aggravation, and inconvenience, for Southern Fidelity's misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its insurance policy provisions, as well as for failing to unconditionally tender the amounts owed to Amanda Clark within 60 days after receipt of satisfactory proof of loss and because that failure was arbitrary, capricious or without probable cause.

24.

Pursuant to La. R.S. 22:1973, in addition to actual damages for its breaches of the statute, Southern Fidelity is additionally liable to Amanda Clark for a penalty of the up to two times the actual damages Amanda Clark sustained or five thousand dollars, whichever is greater.

## REQUEST FOR RELIEF

25.

WHEREFORE, Plaintiff, Amanda Clark, prays that, after due proceedings, there be a judgment rendered herein in Plaintiff's favor and against Defendant, Southern Fidelity Insurance Company, for the full amounts due under the terms of the coverages provided by Defendant's insurance policy, for actual damages, penalties, attorney's fees, costs, and expenses, and for such other damages as would reasonably and justly compensate Plaintiff in accordance with the rules of law, plus interest to the fullest extent allowed by law, all court costs, and for any and all other general and equitable relief that may be appropriate.

Respectfully submitted,

**THE TOWNSLEY LAW FIRM**

BY:    */s/ David H. Hanchey*
　　　　**DAVID H. HANCHEY, Bar Roll #19927**
　　　　**HANNAH E. MAYEAUX , Bar Roll #39275**
　　　　3102 Enterprise Boulevard
　　　　Lake Charles, LA   70601
　　　　Telephone:     (337) 478-1400
　　　　Facsimile:     (337) 478-1577
　　　　Email: david@townsleylawfirm.com
　　　　jboone@townsleylawfirm.com
　　　　ATTORNEYS FOR AMANDA CLARK

**PLEASE SERVE**

**SOUTHERN FIDELITY INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA   70809**

7